## FENNO vs. ENGLISH.

Where an attorney employed to defend a suit, is, after some progress, compelled by circumstances to retire from its charge, and engages the services of a substitute, who performs the duty, an action is maintainable by him for the whole services rendered.

In such case, if the client is dissatisfied with the substitution, it is his duty to tender compensation for the services already rendered and rescind the contract of employment.

The right of an attorney to sue for services accrues at the termination of the suit in which he was employed.

*Appeal from Pulaski Circuit Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

FOWLER and STILLWELL, for the appellant.

1. The testimony of Gallagher should have been excluded. 2 *Stark. Ev.* 578; 1 *Tidd* 536; 1 *Phil. Ev.* 191; 4 *Con. R.* 55.

2. English had no authority to substitute Williams in his stead as attorney.   18 *Wend.* 485; 4 *Litt.* 412; *Story on Agency* 12, 13, 14; 2 *Kent* 495, *sec.* 41; 1 *Liv. on Agency sec.* 5, *p.* 54, 56.

WILLIAMS & WILLIAMS, for the appellee.

1. It is competent for an attorney at law to employ a substitute.   10 *Ver.* 68; 15 *Ib.* 61; 3 *W. & S.* 77; 4 *Litt.* 416.

2. The right of action of an attorney for fees commences with the termination of the suit in which he is employed.   *Nichols vs. Wilson,* 11 *M. & W. Exchq. Rep.* 106.

Hon. HARRIS FLANAGIN, Special Judge, delivered the opinion of the Court.

This action was brought by English against Fenno, before a

justice of the peace on the 12th day of January 1858, on the
following account:

                "JOSEPH FENNO,                           DR.
                    To E. H. ENGLISH,

1857. Defending you in case of State Bank vs. Car-
        roll, Fenno, Danley and others, being suit on
        Carroll's bond as Bank attorney, on which you
        were security—Pulaski Circuit Court· · · · · · · ·$100 00

Judgment was rendered for English, and Fenno appealed. A
trial was had in the Circuit Court, which resulted in a verdict
and judgment for English.

At the trial, the deposition of Carroll was read, in which he
deposed, that he was principal in the case of *State use State
Bank vs. Carroll, Fenno and others*, and the suit was on his
official bond. Witness employed three attorneys to defend the
case, which they did. Fenno afterwards told witness that he
and Danley had employed English to defend the suit for them,
and requested witness to pay him, which he declined on the
ground that he had employed sufficient counsel. The defend-
ants were successfully defended.

George A. Gallagher testified that he, James M. Curran,
and Ebenezer Cummins were employed to defend the suit, by
Carroll and some of his securities. They did not appear for
Fenno. English filed a plea for him at the July term, A. D.,
1854. English became Chief Justice of the Supreme Court in
January, 1855, and did not appear in the case afterwards. That
English gave notice, in the papers of Little Rock, (where Fenno
lived,) when he went upon the bench, that his unfinished busi-
ness would be turned over to Samuel W. Williams, Esq., who
would attend to it, under his advice and direction. Williams
did attend to the case until it was decided in 1857.

This testimony Fenno moved to exclude, first, because it was
irrelevant, and second, because the testimony showed the
liability to English had not accrued within three years before
the commencement of the suit.

The motion was overruled, and Fenno excepted.

Witness stated further, that it was not customary for attorneys to sue their clients for their fees until the case, in which they accrued, was decided.

Fenno asked the court to instruct the jury as follows:

1st. That if the jury believe from the evidence, that the defendant employed the plaintiff to defend the suit, mentioned by the witnesses, against him and others, and the plaintiff rendered some services, but ceased practicing as an attorney and did not appear in the case within three years before the commencement of this suit, his demand is barred, and they should find for the defendant.

2. That if the plaintiff was defendant's attorney, defending the case mentioned, and ceased to practice as an attorney, he cannot maintain an action for his fee, if more than three years elapsed between the time he ceased to practice and the commencement of this suit, though he employed another attorney to defend the suit to the end.

3. In no event can the plaintiff recover more than is due for services actually rendered before he ceased practicing as an attorney, and terminated the relation of attorney and client between him and the defendant.

In the case of *Smith et al. vs. Hill et al.*, 8 *English* 173, this court held that a contract for the services of one member of a legal firm is broken by the neglect of the particular member to perform the services, but the damages, in case the client's interest was attended to with due professional skill, would be nominal; and in case the client should decline the professional services of the other members, he cannot do so without a tender of compensation for services already rendered. In this case, the partner, who was to perform the services, was dead. The reasoning would apply in the present case, where the attorney had become judge of the Supreme Court, the duties of which were inconsistent with his attention to a considerable practice in the circuit and inferior courts.

Any construction, which would oblige an attorney to give his personal services as attorney, at all events, would be fraught

with evils of such magnitude as to prevent its adoption, unless controlled by authorities:

1st. No person could accept the position of Supreme or Circuit Judge, if he was engaged as counsel in any cases without subjecting himself to a suit for damages.

2d. When an attorney is engaged in different circuits, and the times of holding the courts are changed, so as to cause the courts to conflict, he would be liable to damages.

3d. In case of sickness which prevented his attendance, an attorney would render himself liable to damages.

In each of these cases his liability (upon the supposed construction of the contract) would accrue, notwithstanding he may have employed and paid a substitute more able than himself, and notwithstanding his client may have succeeded to the extent of his wishes.

Under the decision above referred to, we hold that Fenno could not avail himself of the services of the substitute until he succeeded in the cause, and then allege that his contract was for the services of English only; and further, if Fenno was dissatisfied with the services under the advise and direction of English, he should have paid for the services already rendered, and have made known his dissatisfaction.

The testimony of Gallagher, under this view of the case, was competent to support English's account, as well as to avoid the bar of the statute of limitations, and the court correctly refused to exclude the testimony.

The first instruction was wrong, for the reason that English could recover for the services of Williams, rendered on English's account and at English's expense, without objection on the part of Fenno.

The second and third instructions are objectionable for the same reason.

Let the judgment be affirmed.

Mr. Chief Justice English did not sit in this case.